```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**LARRY L. TOOTHMAN,**

                              **Petitioner,**

      **v.**                                                    CASE NO. 21-3271-SAC

**ELLSWORTH CORRECTIONAL FACILITY,**

                              **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause why this action should not be dismissed as time-barred.

**Background**

In April 2013, Petitioner's stepdaughter reported that Petitioner had sexually abused her. *See State v. Toothman*, 2017 WL 5016206, at *1 (Kan. Ct. App. 2017) ("*Toothman I*"), *rev. denied* Oct. 11, 2019.[1] After investigating these allegations, the State of Kansas charged Petitioner with multiple offenses in Saline County under case number 2013-CR-437. In August 2013, the State of Kansa also charged Petitioner in Saline County under case number 2013-CR-773 with sex crimes he allegedly had committed against his niece. *See State v. Toothman*, 2017 WL 2494953, at *1 (Kan. Ct. App. 2017)

---

[1] To the extent that the information in this order was not found in the Kansas state appellate courts' opinions, it was found in the online records of the Saline County District Court.

("*Toothman II*"), *reversed in part on other grounds by Toothman v. State*, 310 Kan. 542 (Kan. 2019) ("*Toothman III*").

The case involving Petitioner's niece went to trial first, in September 2014, and a jury convicted Petitioner of four counts of aggravated criminal sodomy and three counts of rape. *Toothman III*, 310 Kan. at 543; *Toothman II*, 2017 WL 5016206, at *2. In December 2014, another jury heard the case involving Petitioner's stepdaughter. During that trial, the parties agreed to allow the district court to inform the jury of Petitioner's convictions for sex crimes against his niece. *Toothman II*, 2017 WL 5016206, at *2. The jury ultimately convicted Petitioner of four counts of rape, one count of unlawfully distributing a controlled substance, two counts of aggravated criminal sodomy, and two counts of attempted aggravated criminal sodomy. *Toothman I*, 2017 WL 5016206 at *2. On January 22, 2015, the Saline County District Court sentenced Petitioner in both cases. In case number 2013-CR-773, Petitioner received a controlling sentence of 653 months and in case number 2013-CR-437, he received a controlling sentence of 653 months, with the controlling sentences to be served consecutively.

As relevant to the federal habeas petition now before this Court, Petitioner pursued a direct appeal from case number 2013-CR-437, and on November 3, 2017, the Kansas Court of Appeals (KCOA) affirmed his convictions. *Toothman I*, 2017 WL 5016206, at *1. Petitioner sought review in the Kansas Supreme Court (KSC), but the KSC denied his petition for review on October 11, 2019. *Id.* Although Petitioner then filed additional motions in case number 2013-CR-437[2], the information now before this Court does not reflect that

---

[2] It appears from online records that in August 2020, Petitioner sent the Saline

Petitioner ever filed in state court a motion for habeas corpus relief under K.S.A. 60-1507.

Petitioner filed his federal habeas petition on November 29, 2021. (Doc. 1.) He names as Respondent Ellsworth Correctional Facility. "[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Thus, Don Langford, the current warden of Ellsworth Correctional Facility where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

The petition challenges only the confinement resulting from case number 2013-CR-437. (Doc. 1, p. 1.) As his first ground for relief, he alleges cumulative error at his trial. *Id.* at 5. As his second ground for relief, he asserts that there was insufficient evidence to convict him and that evidence of his convictions in case number 2013-CR-773 should not have been allowed to be presented at his trial in case number 2013-CR-437. *Id.* at 10. Petitioner asks this Court to grant him a new trial or to remand for resentencing. *Id.* at 20.

---

County District Court a letter requesting an evidentiary hearing; in September 2020, he filed a motion to extend the time in which he could file a K.S.A. 60-1507 motion; and in October 2021, he sent a letter regarding a motion for discovery and inspection, a letter regarding a motion for DNA testing, and a motion to compel his attorney to produce his client file. It further appears that the district judge responded by letter with regards to the request for DNA testing and the State filed a response to the motion, but the online records do not reflect resolution of any of these requests. In his petition, Petitioner states that most of these motions were denied on November 2, 2021. (Doc. 1, p. 3-4.) He does not, however, indicate whether the motion related to a potential 60-1507 motion was ruled on.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the day after direct review concludes and the judgment becomes "final." *See Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S.

113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal in state courts for an individual to file in the United States Supreme Court a petition for writ of certiorari, which is a request for review by the United States Supreme Court. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003).

In this case, Petitioner's state-court direct appeal from 2013-CR-437 concluded on October 11, 2019 when the KSC denied his petition for review. At that point, Petitioner had 90 days to file in the United States Supreme Court a petition for writ of certiorari. There is no record that he did so. Accordingly, on approximately January 10, 2020, the day after the 90 days expired, the one-year period in which Petitioner could timely file a federal habeas petition began.

The federal statute that controls the deadline for federal habeas petitions also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

As noted above, there is no indication that Petitioner ever properly filed a motion under K.S.A. 60-1507 or any other application for post-conviction or collateral review of the

judgment in 2013-CR-437. Thus, this tolling provision does not apply. The one-year time in which Petitioner could timely file a federal habeas petition expired on approximately January 10, 2021. But Petitioner did not file his petition until November 29, 2021. Thus, unless Petitioner can show that he is entitled to equitable tolling or that he qualifies for the actual innocence exception to the one-year federal habeas time limitation, this action is time-barred and must be dismissed.

Equitable tolling applies to the one-year federal habeas deadline only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). It is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [her] control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

In addition, actual innocence can create an exception to the one-year time limitation. To qualify for the actual innocence exception, a prisoner need not establish factual innocence. Rather, he or she "must establish that, in light of new evidence, 'it is

more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with and identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

As explained above, the petition currently before the Court was not filed on time and is subject to dismissal unless Petitioner can demonstrate grounds for equitable tolling or establish that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred. If Petitioner successfully does so, the Court will further review the petition.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including January 3, 2022, in which to show cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation. The clerk is also directed to substitute Don Langford, Warden of Ellsworth Correctional Facility, as Respondent in this action.

**IT IS SO ORDERED.**

DATED: This 1st day of December, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge