**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LARRY L. TOOTHMAN,**

                **Petitioner,**

     v.                                            CASE NO. 21-3271-SAC

**DON LANGFORD,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will dismiss the petition without prejudice.

In December 2014, a jury convicted Petitioner of sex crimes against his stepdaughter. See *State v. Toothman*, 2017 WL 5016206, at *1-2 (Kan. Ct. App. 2017), *rev. denied* Oct. 11, 2019. On January 22, 2015, the Saline County District Court sentenced Petitioner to a controlling sentence of 653 months, to be served consecutively to a 653-month controlling sentence imposed for earlier convictions of sex crimes against Petitioner's niece. Petitioner pursued a direct appeal and the Kansas Court of Appeals (KCOA) affirmed his convictions for the crimes against his step-daughter; the Kansas Supreme Court (KSC) denied his petition for review on October 11, 2019. *Toothman*, 2017 WL 5016206, at *1.

Petitioner filed this federal habeas petition on November 29, 2021. (Doc. 1.) The following day, the Court mailed to Petitioner a notice informing him that his petition was deficient due to his failure to either pay the statutory filing fee of $5.00 or submit

a motion to proceed in forma pauperis (IFP). (Doc. 2.) The notice advised Petitioner that he needed to cure the deficiency and if he did not pay the fee or submit an IFP motion within 30 days, this action might be dismissed without further notice. *Id.*

The Court also conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Case in the United States District Courts. On December 1, 2021, the Court issued a Notice and Order to Show Cause (the NOSC) addressing the apparent untimeliness of this matter. After setting forth the relevant law, the Court explained:

> "In this case, Petitioner's state-court direct appeal from 2013-CR-437 concluded on October 11, 2019 when the KSC denied his petition for review. At that point, Petitioner had 90 days to file in the United States Supreme Court a petition for writ of certiorari. There is no record that he did so. Accordingly, on approximately January 10, 2020, the day after the 90 days expired, the one-year period in which Petitioner could timely file a federal habeas petition began." (Doc. 3, p. 5.)

The NOSC also noted that there is no indication that circumstances existed to justify statutory tolling of the limitation period, so the one-year period in which Petitioner could timely file a federal habeas petition expired on approximately January 10, 2021. *Id.* at 5-6. Since Petitioner did not file his petition until November 29, 2021, this matter is untimely unless Petitioner can show that he is entitled to equitable tolling or that he qualifies for the actual innocence exception to the one-year limitation period. *Id.* at 6. The NOSC explained when equitable tolling and/or the actual innocence exception are available to petitioners and the Court allowed Petitioner until January 3, 2022 to inform the Court in writing why his petition should not be

dismissed as time-barred. *Id.* at 6-7.

Petitioner has not filed a response to the NOSC or otherwise challenged the Court's conclusion that this matter is time-barred. The time to do so has now expired. The Court therefore concludes that this matter should be dismissed as untimely.

Petitioner also has failed to comply with the Court's order to either file a motion to proceed IFP or pay the $5.00 statutory filing fee on or before December 30, 2021. Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Thus, the Court concludes that this matter also should be dismissed under Rule 41(b).

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are

not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed as time-barred and for failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b). No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 10th day of January, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge