IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY L. TOOTHMAN,

Petitioner,

v.                                            CASE NO. 21-3271-SAC

DON LANGFORD,

Respondent.

MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 which was dismissed on January 10, 2022. (Doc. 4.) It comes before the Court on a document Petitioner has filed entitled "Cause to Show of 1 year Deadline for Federal Habeas Corpus." (Doc. 6.) For the reasons explained below, the Court will construe this as a motion to reconsider the dismissal and will deny the motion.

In December 2014, a jury convicted Petitioner of sex crimes against his stepdaughter and, in January 2015, he was sentenced to a controlling sentence of 653 months, to be served consecutively to a previously imposed sentence in another case. *See State v. Toothman*, 2017 WL 5016206, at *1-2 (Kan. Ct. App. 2017), *rev. denied* Oct. 11, 2019. Petitioner pursued a direct appeal; the Kansas Court of Appeals (KCOA) affirmed his convictions and the Kansas Supreme Court (KSC) denied his petition for review on October 11, 2019. *Id.*

Petitioner filed this federal habeas petition on November 29, 2021. (Doc. 1.) The following day, the Court mailed to Petitioner a notice informing him that his petition was deficient due to his

failure to either pay the statutory filing fee of $5.00 or submit a motion to proceed in forma pauperis (IFP). (Doc. 2.) The notice advised Petitioner that he needed to cure the deficiency and if he did not pay the fee or submit an IFP motion within 30 days, this action might be dismissed without further notice. *Id.*

The Court also conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Case in the United States District Courts. On December 1, 2021, the Court issued a Notice and Order to Show Cause (the NOSC) addressing the apparent untimeliness of this matter. After setting forth the relevant law, the Court explained:

> "In this case, Petitioner's state-court direct appeal from 2013-CR-437 concluded on October 11, 2019 when the KSC denied his petition for review. At that point, Petitioner had 90 days to file in the United States Supreme Court a petition for writ of certiorari. There is no record that he did so. Accordingly, on approximately January 10, 2020, the day after the 90 days expired, the one-year period in which Petitioner could timely file a federal habeas petition began." (Doc. 3, p. 5.)

The NOSC also noted that there was no indication that circumstances existed to justify statutory tolling of the limitation period, so the one-year period in which Petitioner could timely file a federal habeas petition expired on approximately January 10, 2021. *Id.* at 5-6. Since Petitioner did not file his petition until November 29, 2021, this matter is untimely unless Petitioner can show that he is entitled to equitable tolling or that he qualifies for the actual innocence exception to the one-year limitation period. *Id.* at 6. The NOSC explained when equitable tolling and/or the actual innocence exception are available and the Court allowed Petitioner until January 3, 2022 to inform the Court

in writing why his petition should not be dismissed as time-barred. *Id.* at 6-7.

The Court did not receive a timely response to the NOSC, nor did the Court receive a filing fee or motion to proceed IFP by the deadline it had set. Accordingly, on January 10, 2022, the Court dismissed the matter as untimely and under Federal Rule of Civil Procedure 41(b), which allows dismissal when a petitioner fails to comply with a court order. (Doc. 4.) The Court declined to issue a certificate of appealability.

On January 26, 2022, the Court received from Petitioner the statutory filing fee, a document entitled "Cause to Show of 1 year Deadline for Federal Habeas Corpus" that asks the Court to consider certain asserted causes for the petition being untimely, and supporting documents. (Docs. 6 and 6-1.) The envelope containing the documents bears postage dated December 29, 2021. (Doc. 6-2.) The Court acknowledges that the postage is dated before the deadline for Petitioner to respond to the NOSC. As the Court previously has informed Petitioner, however, he is incarcerated in a facility with mandatory electronic filing and he must follow instructions available at the facility for transmitting pleadings electronically to the Court. In any event, whether Petitioner's document is construed as a response to the NOSC or as a motion to reconsider the dismissal, it does not persuade the Court to this matter is not time-barred.

Petitioner does not contend that his habeas petition was timely filed. Rather, he asserts two reasons for the untimeliness of his habeas petition: (1) he has been attempting to obtain transcripts since June 10, 2017, and only received them on October 19, 2021;

and (2) from October 2019 through April 2020, he underwent surgery for and was recovering from a broken ankle that required metal plates, screws, and fusing. (Doc. 6.) Petitioner has enclosed with his motion to reconsider letters correspondence to and from his appointed state appellate counsel and other information showing his attempts to obtain his trial transcripts. (Doc. 6-1.)

Liberally construing the filing, as is proper since Petitioner proceeds pro se, it appears that Petitioner is seeking equitable tolling of the one-year federal habeas limitation period. As explained in the NOSC, Equitable tolling applies to the one-year federal habeas deadline only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). It is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [her] control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances— prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Petitioner has failed to show that he is entitled to equitable tolling. The Tenth Circuit "has repeatedly rejected the argument that difficulty in obtaining trial records constitutes

'extraordinary circumstances' justifying equitable tolling." *Kenneth v. Martinez*, 771 Fed. Appx. 862, 865 (10th Cir. 2019) (citing *Levering v. Dowling*, 721 Fed. Appx. 783, 788 (10th Cir. 2018); *Porter v. Allbaugh*, 672 Fed. Appx. 851, 857 (10th Cir. 2016)). In addition, Petitioner has not shown that he was diligently pursuing the trial transcripts.[1] And he has not specifically explained how a lack of access to the transcripts prevented him from timely filing his petition in this matter.[2]

Similarly, Petitioner's general assertion that he was "[m]edically laid up from late October 2019 – April 2020 for surgery and recovery of broken ankle . . . which required plates, screws and fusing of said ankle" does not explain how his medical status prevented him from filing his petition before the time to do so expired in January 2021. In summary, Petitioner has not demonstrated that he diligently pursued the claims in his petition but was prevented from timely filing the petition by extraordinary circumstances beyond his control. Thus, if the Court considers Petitioner's latest filing as a response to the NOSC, it fails to persuade the Court that this matter should not be dismissed as time-barred.

---

[1] The documents attached to Petitioner's latest filing show only that he asked the Kansas Appellate Defender Office in June 2017 about obtaining transcripts, an attorney responded in September 2017 and explained possible avenues Petitioner could pursue, Petitioner sent a second letter to the same attorney in January 2020 again seeking transcripts, and the attorney responded in March 2020, explaining possible ways for Petitioner to obtain the transcripts. There is also documentation dated March 2020 that Petitioner inquired with the prison law library about receiving the transcripts electronically and was denied. These documents, however, do not explain what Petitioner did between September 2017 and January 2020 to attempt to obtain his trial transcripts. Nor does Petitioner explain what he did between March 2020 and October 2021, when he asserts he received the transcripts.

[2] The Court recognizes that Petitioner's petition contains multiple quotes from and citations to various transcripts from state-trial-court proceedings. (See Doc. 1.) However, there is no requirement that a federal habeas petition contain such citations or quotations.

Because the filing was not received by the Court until after this matter was dismissed, the Court could also construe the filing as a motion to reconsider the dismissal. Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or (60)." D. Kan. Rule 7.3(a). Rule 59 motions to alter or amend a judgment must be filed within 28 days after the entry of judgment, while Rule 60 motions for relief from a judgment have a more lenient timeline. *See* Fed. R. Civ. P. 59(e), 60(c).

The Court may grant a motion to amend judgment under Rule 59(e) only if the moving party establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). Under Rule 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. See *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). A Rule 60(b) motion is "not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter v.* Wefald, 885 F. Supp. 1445, 1450 (D. Kan. 1995).

Petitioner has not met the standard for reconsideration under either Rule 59 or 60. Thus, whether the Court considers Petitioner's most recent filing as a response to the NOSC or as a motion to reconsider the dismissal for untimeliness, it is unsuccessful. The Court is not persuaded to alter its prior conclusion that this

matter is time-barred.

   **IT IS THEREFORE ORDERED** that the motion to reconsider (Doc. 6), is **denied.**

   **IT IS SO ORDERED.**

   DATED:  This 27th day of January, 2022, at Topeka, Kansas.


                              S/ Sam A. Crow

                              SAM A. CROW
                              U.S. Senior District Judge